***********
The Full Commission has reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Rowell on July 18, 2007. The appealing party has shown good grounds to reconsider the evidence and amend the Opinion and Award. Accordingly, the Full Commission MODIFIES and AFFIRMS the Opinion and Award of Deputy Commissioner Rowell.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS *Page 2 
1. The parties are subject to the North Carolina Workers' Compensation Act.
2. An employee-employer relationship existed between the named employee and the named employer.
3. The carrier liable on the risk is correctly named above; or the named employer is self-insured.
4. The Employee's average weekly wage, on November 17, 2006, was $1,022.00, yielding a compensation rate of $681.37.
5. The parties stipulated into evidence as Stipulated Exhibit 1, a Pre-Trial Agreement, as modified and initialed by the parties.
6. The parties stipulated into evidence as Stipulated Exhibit 2, medical records.
7. The parties stipulated into evidence as Stipulated Exhibit 3, Industrial Commission Forms.
8. The parties stipulated into evidence as Stipulated Exhibit 4, defendants' discovery responses.
9. The parties stipulated into evidence as Stipulated Exhibit 5, plaintiff's previous Alabama workers' compensation settlement documents.
10. The parties stipulated into evidence as Stipulated Exhibit 6, driver's log, November 17, 2006.
11. The parties stipulated into evidence as Stipulated Exhibit 7, plaintiff's payroll records.
12. The parties stipulated into evidence as Stipulated Exhibit 8, return to work letter dated August 15, 2007.
 *********** *Page 3 
The objections raised in the depositions of Dr. Sylvia J. Mullis; Dr. Scot E. Reeg; Mr. Matthew D. Stone, plaintiff's fleet manager; Ms. Vicky J. Fripp, a workers' compensation adjuster for defendant; and Ms. Lynn H. Ingram, the workers' compensation supervisor for defendant, are ruled upon in accordance with the applicable rule of law and the Opinion and Award in this case. ***********
Based upon the competent credible evidence of record, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. At the time of the hearing plaintiff was 40 years old. Plaintiff attended high school through the tenth grade. He subsequently obtained his General Equivalency Diploma in January 1989. Plaintiff has a vocational history of an over the road truck driver.
2. Plaintiff was hired by defendant-employer on October 18, 1999 as an over the road truck driver. His duties included driving and securing loads, and covering the loads in order to protect them from the weather.
3. Plaintiff sustained an injury to his spine while employed by defendant-employer on April 16, 2004. This claim was found compensable Alabama juridiction. Indemnity and medical benefits were paid for by defendant-employer.
4. Plaintiff underwent surgery by Dr. Reeg on November 19, 2004. Dr. Reeg performed a decompressive laminotomy at L3-4, L4-5 and L5-S1. After his recovery period, Dr. Reeg released plaintiff to return to work with no restrictions. On March 31, 2005, Dr. Reeg issued a 12% permanent partial impairment rating to plaintiff's back. *Page 4 
5. Mr. Lynn Ingram, defendant-employer's workers' compensation supervisor stated that plaintiff elected to settle the indemnity portion of his Alabama workers' compensation claim and leave open the medical portion of his claim.
6. Plaintiff did not miss any substantial time from work due to his workers' compensation injury. This is confirmed by his payroll records.
7. In April 2005, plaintiff returned to work with defendant-employer in a full duty capacity as an over the road truck driver. Plaintiff was capable of performing his regular job upon his return to work.
8. On Friday, November 17, 2006, plaintiff was un-tarping a load, taking the bungee cords off and pulling the tarps off of the merchandise, when he felt a sharp pain in his lower back. Due to his pain, plaintiff had to stop doing his duties for a few minutes. However, since his truck was blocking the driveway he had to resume his duties to deliver the load.
9. On November 17, 2006, plaintiff reported his injury to his dispatcher with defendant-employer, Matt Stone. Plaintiff stated that he sent a message to Mr. Stone that he had injured himself via the truck's computer.
10. On November 17, 2006, plaintiff was on the end of his run so he proceeded to return home. Plaintiff's pain did not improve over the weekend. He called out of work on Monday. He spoke with Matt Stone and they discussed plaintiff taking a week's vacation so plaintiff could rest. Mr. Stone stated he remembered having a conversation with plaintiff about back pain.
11. Plaintiff returned to work the following Monday. He still had pain in his back but he continued to work. He did this for a period of three weeks. The pain increased to the point *Page 5 
where he could no longer bear it. Plaintiff notified Mr. Stone and Ms. Vicki Fripp, the workers' compensation representative, of his need to see a doctor.
12. Ms. Fripp informed plaintiff that he would be sent to a doctor under his previous Alabama claim; however, the defendant-employer would not pay any further workers' compensation indemnity benefits.
13. Plaintiff was directed to Physician's East Urgent Care on December 7, 2006, and was seen by Dr. Sylvia J. Mullis. Dr. Mullis stated that plaintiff related to her that he was in the process of lifting a tarp when he heard a popping sensation and he developed pain in his back. X-rays were taken and plaintiff was given an injection. Dr. Mullis issued restrictions and recommended that he not drive while taking the prescribed medication. Physician's East Urgent Care also referred plaintiff to Dr. Reeg, who had performed plaintiff's previous back surgery.
14. Plaintiff saw Dr. Reeg on January 5, 2007. Plaintiff informed Dr. Reeg that he injured his back pulling a tarp back in the middle of November. Dr. Reeg noted such pain to be an exacerbation of his previous injury, prescribed medication and physical therapy for plaintiff.
15. On July 3, 2007, Dr. Reeg declared plaintiff to have reached maximum medical improvement as a result of his exacerbation of his previous injury. In his deposition, Dr. Reeg testified that there was no change in his prior permanent partial impairment rating of 12%.
16. Dr. Reeg released plaintiff to return to work with permanent restrictions of avoiding repetitive bending or crawling and no lifting more than twenty to thirty pounds.
17. The restrictions exceeded the demands for a flat bed truck utilized by the defendant-employer, so plaintiff was reassigned to a "roll tite" truck. This type of truck has a mechanism that covers the flatbed with the tarp that is on rollers. The driver does not have to *Page 6 
manually tarp the load. Such position is a permanent full-time position with defendant, and such position was approved by Dr. Reeg.
18. Defendant-employer offered plaintiff a position driving the "roll tite" truck. On August 30, 2007, plaintiff returned to work for defendant-employer in the position of "roll tite" truck driver. Plaintiff did not receive indemnity benefits from December 7, 2006 through August 30, 2007, the date that he returned to work for defendant-employer.
19. Plaintiff was involved in a motor vehicle accident in June 2007. In this motor vehicle accident plaintiff did not sustain an injury to his lower back nor did he receive treatment to his lower back due to this accident.
20. It is based upon a review of the competent credible evidence in its entirety that plaintiff has shown by the greater weight of the evidence that he timely reported his November 17, 2006 back injury, that he sustained an injury by accident on November 17, 2006.
 ***********
Based upon the foregoing Stipulations and Findings of Fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. As a direct result of a specific traumatic incident of the work assigned on November 17, 2006, plaintiff sustained an injury by accident within the course and scope of his employment with the defendant-employer which exacerbated his pre-existing condition. N.C. Gen. Stat. § 97-2(6).
2. As a result of plaintiff's injury by accident to his back on November 17, 2006 he is entitled to receive temporary total disability benefits in the amount of $681.37 per week from December 7, 2006 through August 30, 2007. N.C. Gen. Stat. § 97-29. *Page 7 
3. Plaintiff has not suffered any permanent impairment to his back as a result of his injury by accident on November 17, 2006, such that he is not entitled to receive any permanent partial disability benefits due to his injury by accident. N.C. Gen. Stat. § 97-31.
4. Plaintiff is entitled to medical treatment incurred as a result of his injury by accident to his back as may be required to provide relief, effect a cure or lessen the period of disability. N.C. Gen. Stat. §§ 97-419(2); 97-25.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Subject to a reasonable attorney's fee herein approved, defendant-employer shall pay temporary total disability compensation to plaintiff in the amount of $681.37 per week from December 7, 2006 through August 30, 2007. Compensation due that has accrued shall be paid to plaintiff in a lump sum.
2. A reasonable attorney's fee in the amount of twenty-five percent (25%) of the compensation awarded under paragraph 1 of this Award is hereby approved to plaintiff's counsel.
3. Defendant-employer shall pay all medical expenses incurred, or to be incurred, as a result of plaintiff's injury by accident to his back on November 17, 2006, for so long as such treatment may reasonably be required to provide relief, effect a cure or lessen the period of disability, when bills for the same have been approved in accordance with the provisions of the Act. *Page 8 
4. Defendant shall pay the costs.
This the 25th day of September, 2008.
 S/___________________
 CHRISTOPHER SCOTT
 COMMISSIONER
CONCURRING:
 S/_____________ PAMELA YOUNG CHAIR
 S/_______________ BUCK LATTIMORE COMMISSIONER
CONSENTED TO BY:
BRUMBAUGH, MU KING
 BY: S/_______________ ANGELA D. VANDIVIER-STANLEY State Bar No.: Attorney for Plaintiff
YOUNG MOORE AND HENDERSON P.A.
 BY: S/_______________ JEFFREY T. LINDER State Bar No.: 22170 Attorneys for Defendant *Page 1